# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

GARRY GOODLETT,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

No. C04-64 JAJ

**ORDER**

    This matter comes before the court pursuant to the plaintiff's October 5, 2005 motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (docket number 19). On May 11, 2005, plaintiff's counsel was awarded $4,753.83 in fees pursuant to the Equal Access to Justice Act ("EAJA").[1] Plaintiff's counsel now seeks a fee award of $12,000, which represents less than 12% of the back benefits awarded, pursuant to 42 U.S.C. § 406(b).[2] The defendant does not resist an award of $12,000 in fees, but notes that plaintiff's counsel must then refund the EAJA fees to the plaintiff, a point plaintiff's counsel acknowledges.

    In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court held that § 406(b) does not displace contingent-fee agreements within the statutory ceiling, but instead instructs courts to review the fees yielded by those agreements for reasonableness. Within the 25% boundary provided for by Congress, the plaintiff's attorney must show that the fee sought is reasonable for the services rendered. Id. at 807. For example, if the

---

    [1]Under the EAJA, a party prevailing against the United States in court may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

    [2]Under 42 U.S.C. § 406(b), a prevailing claimant's fees are payable only out of the benefits recovered. In amount, such fees may not exceed 25% of the past-due benefits.

benefits are substantial in comparison to the amount of time counsel invested in the case, then a downward adjustment is in order. Id. at 808. In assessing reasonableness, the court may consider the "hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id.

The court finds the fees requested by plaintiff's counsel to be reasonable. Plaintiff's past due benefits total over $100,000, and the plaintiff himself agrees to such a fee award.

Upon the foregoing,

IT IS ORDERED that plaintiff's attorney be awarded fees in the amount of $12,000.00 pursuant to 42 U.S.C. § 406(b)(1)(A). Plaintiff's attorney shall refund to the plaintiff the $4,753.83 previously awarded in fees pursuant to the Equal Access to Justice Act.

October 24, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT